UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**ROBERT SIGNOM, et al.,**

    **Plaintiffs,**

**-v-**

**SCHENCK FUELS, INC., et al.,**

    **Defendants.**

Case No. C-3-07-037

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. #5); OVERRULING DEFENDANTS' MOTION TO CHANGE VENUE (Doc. #12) AND TERMINATING THIS CASE**

---

This matter arises from the replacement of a hot water boiler in Plaintiffs Robert and Lola Signom's ("Signoms'") vacation home at 86 Devon Road in Amagansett, New York. The hot water boiler was replaced by Defendant Schenck Fuels ("Schenck Fuels"). Defendant March Equipment Co., Inc. ("March") is owned by Schenck Fuels. Schenck Fuels and March are referred to hereinafter as the Defendants.

Signoms' Complaint sets forth three claims for relief. (Doc. #2.) The First Claim for Relief is for violation of Ohio's Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. The Second Claim for Relief is for fraud and the Third Claim for Relief is for breach of contract.

Signoms' Complaint was initially filed in the Court of Common Pleas of Montgomery County, Ohio. It was subsequently removed to this Court based upon this Court having diversity jurisdiction.

Now before the Court is Defendants' Motion To Dismiss for lack of jurisdiction. Following limited discovery and the filing of responsive memoranda, this motion is now fully

briefed and ripe for decision.

The Defendants seek to dismiss Signoms' Complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). The Signoms respond that this Court has both general and specific jurisdiction over the Defendants. The relevant law regarding personal jurisdiction will first be set forth followed by an analysis of the Defendants' Motion.

## I. BURDEN OF PROOF AND SOURCE OF APPLICABLE LAW

When a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) is made, the plaintiff has the burden of proving that jurisdiction exists. *Burnshire Development, LLC v. Cliffs Reduced Iron* Corp., 198 Fed.App'x 425, 429 (6th Cir. 2006) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996). As a part of the burden of proof, the plaintiff's burden of persuasion depends upon whether the court conducts an evidentiary hearing on the motion to dismiss.

When an evidentiary hearing is held, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). When there is no evidentiary hearing, as is the case here, the plaintiff must make only a prima facie showing and the pleading and affidavits, when in conflict, are viewed in a light most favorable to the plaintiff. *Burnshire*, 198 Fed.App'x at 429.

Federal courts apply the law of the forum state when determining whether personal jurisdiction exists. *Id.* (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). First, the federal court must determine if the law of the forum state, Ohio in this case, provides personal jurisdiction. *Id.* If so, the federal court must then determine if the personal jurisdiction comports with due process. *Id.*

**II.     PERSONAL JURISDICTION UNDER OHIO LAW**

The Sixth Circuit has explained that there are two kinds of jurisdiction that can be exercised, general jurisdiction and specific jurisdiction. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," such that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state. *Youn*, 324 F.3d at 418. Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court. *Id.*

**A.     General Jurisdiction Under Ohio Law**

In *Brunner*, the Sixth Circuit panel says that both general and specific jurisdiction may be exercised under Ohio law. *Brunner*, 441 F.3d at 463. For this authority, *Brunner* cites *Nationwide Mutual Insurance Co. v. Tryg International Insurance Co.*, 91 F.3d 790, 793 (6th Cir. 1996). However, the Sixth Circuit panel in *Nationwide* does not specifically say that both general and specific jurisdiction may be exercised in Ohio.

The Sixth Circuit panel in *Nationwide* says that, "[j]urisdiction may be found to exist either generally, in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum."  91 F.3d at 793. No mention is made of Ohio with regard to this general statement although the venue in *Nationwide* lied in Ohio. The panel in *Nationwide* went on to address and find specific jurisdiction under Ohio's long-arm statute and no further mention was made of general jurisdiction. *Id.*

In another Sixth Circuit case, the panel of judges evaluating personal jurisdiction in an Ohio diversity case determined that "a federal court has general jurisdiction … ." *Youn*, 324 F.3d at 417-18. As authority for this conclusion, the court cites the Supreme Court case of *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952).

In *Perkins* the Supreme Court held that whether Ohio courts are open to a proceeding in personam "rests entirely upon the law of Ohio, unless the Due Process Clause of the Fourteenth Amendment compels a decision either way." 342 U.S. at 440. The Supreme Court then conducted a due process analysis and not an analysis under Ohio's jurisdictional law. *Id.* at 445-49.

The *Youn* court also relied upon the Sixth Circuit case of *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002), wherein the court analyzed general jurisdiction in an Ohio case. *Id.* at 873. However, as authority for this analysis, the *Bird* court referred to the Sixth Circuit case of *Third National Bank In Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087 (6th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990), wherein the Sixth Circuit was analyzing personal jurisdiction in Tennessee where state law permits general jurisdiction. *Id.* at 1089.

Two District Court decisions in the Southern District of Ohio, Eastern Division, have held that Ohio law permits the exercise of general jurisdiction. In *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, No. 2:06-cv-126, 2006 WL 3043115 at *7 (S.D.Ohio Oct. 4, 2006), the court based its conclusion that Ohio recognizes general jurisdiction on *LSI Industries, Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, (Fed. Cir. 2000). However, *LSI Industries* was in the Federal

-4-

Circuit Court, the Federal Circuit had before it a patent infringement action[1] and the Federal Circuit was analyzing due process and not analyzing jurisdiction under Ohio law. 232 F.3d at 1375. In the other case, *Pierson v. St. Bonaventure University*, No. 2:05 CV 0581, 2006 WL 181988 (S.D.Ohio Jan. 23, 2006), the court relied upon *Nationwide* and *Bird*, which are both discussed above and are not persuasive on this point.

The Signoms cite one case not already discussed for the proposition that Ohio recognizes general jurisdiction. However, this case, *V Secret Catalogue, Inc. v. Zdrok*, 2003 WL 22136303 (S.D.Ohio Aug. 29, 2003), is not persuasive. *V Secret* relies upon *Bird*, a case discussed above, for the proposition that jurisdiction may be based upon either general or specific jurisdiction. However, as discussed above, the *Bird* Court relied upon another Sixth Circuit case which was addressing general jurisdiction in Tennessee, a state that permits general jurisdiction.

The Supreme Court of Ohio has not recognized general jurisdiction and has only applied Ohio's long-arm statute to determine personal jurisdiction. *Goldstein v. Christiansen*, 638 N.E. 2d 541 (Ohio 1994). Other courts, including the Sixth Circuit and this Court, considering Ohio diversity claims have only applied Ohio's long-arm statute to determine if personal jurisdiction exists. *See Calphalon*, 228 F.3d at 721; *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir. 1993); *Vorhis v. American Medical Systems, Inc.*, No. 96-3525, 1997 WL 476527 at *1 (6th Cir. Aug. 19, 1997); *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 149 (6th Cir. 1997); *NCR Corp. v. PC Connection, Inc.*, 384 F.Supp.2d 1152, 1157 (S.D.Ohio 2005); *MacDonald v. Navistar International Transportation Corp.*, 143 F.Supp.2d 918, 923 (S.D.Ohio 2001); *Oasis*

---

[1] The law of the Federal Circuit and not the Sixth Circuit is applied to determine personal jurisdiction in a patent infringement action. *3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).

*Corp. v. Judd*, 132 F.Supp.2d 612, 617 (S.D.Ohio 2001); *Norcold, Inc. v. Greg Lund Products, Ltd*, 109 F.Supp.2d 819, 822 (S.D.Ohio 2000); *Smith v. Turfway Park*, No. C-3-97-145, 1999 WL 33117268 at *2 (S.D.Ohio Mar. 22, 1999); *Ahrendt v. Palmetto Federal Savings and Loan Association*, 680 F.Supp. 1125, 1127 (S.D.Ohio 1987).

Relying, as we must in this case, upon Ohio law as set forth by the Supreme Court of Ohio and, based upon the foregoing reasoning, Ohio does not recognize general jurisdiction over non residents. In Ohio, jurisdictional analysis over non residents is based only upon specific jurisdiction that may be available under Ohio's long-arm statute.

**B.      Specific Jurisdiction Under Ohio Law**

When determining whether Ohio has specific jurisdiction over a non resident defendant, the court must first determine whether Ohio's long-arm statute confers personal jurisdiction. *Goldstein*, 638 N.E.2d at 543; *see also, Burnshire*, 198 Fed.App'x at 429.  If Ohio's long-arm statute confers personal jurisdiction, the court must then determine whether granting jurisdiction under Ohio's long-arm statute would deprive the defendant of the right to due process provided by the Fourteenth Amendment to the Constitution of the United States. *Id.*

Specific jurisdiction in Ohio is provided by Ohio's long-arm statute, Ohio.Rev.Code § 2307.382. The Signoms, who have the burden of making a prima facie case, identify only one section of Ohio's long-arm statute, Ohio Rev. Code § 2307.382(A)(6), as conferring personal jurisdiction over the Defendants. However, in the interest of justice, a second section, Ohio Rev. Code § 2307.382(A)(1), will be considered.

The portions of Ohio's long-arm statute relevant to Defendants' Motion To Dismiss, then, are:

>(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
>>(1) Transacting any business in this state;
>>
>>…
>>
>>(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
>
>…
>
>(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Where jurisdiction is based upon Ohio's long-arm statute, "only a cause of action arising from acts enumerated in [§ 2307.382] may be asserted against [a defendant]." *Burnshire*, 198 Fed.App'x at 430. Specifically, "the defendants actions in the state must be the proximate cause of the injury complained of … ." *Id.* Ohio law says proximate cause exists "where an act or failure to act, in a natural and continuous sequence, directly produces the injury and without which it would not have occurred." O.J.I. § 19.10.

For example, personal jurisdiction does not exist where the circumstances which may have caused the injury are unrelated to the conduct of business in Ohio. *Brunner*, 441 F.3d at 466 (citing *Coleman v. Chen*, 712 F.Supp. 117, 117-19 (S.D.Ohio 1988) and *Cruz v. Kentucky Action Park, Inc.*, 950 F.Supp. 210, 212 (N.D.Ohio 1996)). In another example, personal jurisdiction exists in Ohio when the non resident defendant deliberately pursued the plaintiff's business in Ohio out of which the plaintiff's complaint arose. *Baird Brothers Sawmill, Inc. v. Augusta Construction*, No. 98-CA-152, 2000 WL 817068 at *5 (Ohio Ct. App. June 19, 2000).

### III.    RELEVANT JURISDICTIONAL FACTS

To determine if the Defendants are subject to Ohio's long-arm statute, the analysis turns to the factual allegations. An evidentiary hearing will not be conducted so the facts for purposes of Defendants' Motion To Dismiss are based upon the pleadings and affidavits. When the jurisdictional facts are in conflict, they are viewed in a light most favorable to the Signoms.

Plaintiffs Robert and Lola Signom are Ohio residents who own a vacation home at 86 Devon Road in Amagansett, New York. (Compl. ¶¶ 1, 4.) Both Schenck Fuels and March are corporations organized under the laws of the State of New York and both have 62 Newton Lane in East Hampton, New York, as their principal place of business. (Id. ¶¶ 2, 3.)

In January of 2005, Lola Signom became concerned that the hot water boiler in her vacation home in Amagansett might need to be replaced. (Id. ¶ 7.) She also learned that the defendants sold and installed hot water boilers. (Id. ¶ 8.) Prior to January of 2005, the Signoms had purchased fuel oil from the Defendants for their vacation home. (Id. ¶ 5.)

Lola Signom contacted the Defendants from her home in Dayton by telephone to inquire about the purchase and installation of a new hot water boiler for her vacation home. (Id. ¶ 9.) In response, the Defendants faxed Lola Signom a proposal for the sale and installation of a new hot water boiler for the Amagansett house. (Id. ¶ 10.) Lola Signom signed the proposal, including a two-year service agreement, and returned it by facsimile transmission to the Defendants. (Id. ¶ 11.)

On March 28, 2005, the Defendants reported that they had completed the installation of the new hot water boiler. (Id. ¶ 12.) On April 17, 2005, the Signoms traveled to Amagansett and discovered that the new hot water boiler was not functioning properly. (Id. ¶ 13.) Between April of 2005 and January of 2006, the Defendants attempted several times to repair the hot water

boiler controls before finally replacing the boiler electronic control mechanism. (Id. ¶¶ 14-25.) However, before the hot water boiler was finally repaired, water pipes in the Amagansett house allegedly froze and burst causing damage to the structure and its contents. (Id. ¶ 24.) It is from this alleged damage that Signoms' Complaint arises.

Chris Schenck, the owner of Schenck Fuels and March, attests that Ohio is not the usual place of business for Schenck Fuels or March. (Affidavit of Chris Schenck ¶ 7.) Schenck Fuel's business is the sale of home heating oil and these operations occur only in New York. (Id. ¶ 7.) Further, March's business is heating and air conditioning service and these operations occur only in New York. (Id. ¶ 8.) Neither Schenck Fuels nor March have any bank accounts, real estate or personal property in Ohio. (Id. ¶ 9.) Further, neither Schenck Fuels nor March have ever regularly conducted business in Ohio to include never maintaining an office or employees in Ohio, never soliciting business in Ohio, never advertising their products or services for sale or service in Ohio, never contracting to supply goods or services in Ohio and never manufacturing or assembling products in Ohio. (Id. ¶¶ 10-22.)

The Signoms and the Defendants have had a continuous business relationship regarding the Amagansett home for many years. Also, the Defendants have at least four or five open accounts with Ohio residents to provide services to property located in New York.

## IV. ANALYSIS UNDER OHIO'S LONG-ARM STATUTE

Sections (A)(1) and (A)(6) of Ohio's long-arm statute are at issue here. Each will be addressed seriatim.

### A. Ohio Rev. Code § 2307.382(A)(1)

Section (A)(1) provides for personal jurisdiction as to a cause of action arising from the

defendant or the defendant's agent transacting any business in Ohio. The Supreme Court of Ohio has indicated that Section (A)(1) is "very broadly worded and permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio." *Genesis Insurance Co. v. Alfi*, 425 F.Supp.2d 876, 894 (S.D.Ohio 2006) (citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear*, 559 N.E.2d 477 (Ohio 1990), *cert. denied*, 499 U.S. 975 (1991)). The Ohio Supreme Court has also indicated that the word "transact" means "to carry on business," and "to have dealings," and it is broader than the word "contract." *Kentucky Oaks*, 559 N.E.2d at 480. Further, when analyzing section (A)(1), the court has no better guideline than the wording of Section (A)(1) and must rely upon a case-by-case determination. *Genesis*, 425 F.Supp.2d at 894. However, the mere existence of a contract or the mere solicitation of business in Ohio is insufficient to confer jurisdiction under section (A)(1). *Burnshire*, 198 Fed.App'x at 431-32. There must be ongoing, substantive contacts. *Id.*

Courts have found personal jurisdiction pursuant to section (A)(1) in a variety of circumstances. For example, section (A)(1) provides jurisdiction over an out-of-state defendant who breached a surety agreement that he had negotiated with an individual who was an Ohio resident when the surety agreement was negotiated and executed. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998), *cert. denied*, 525 U.S. 810 (1998). Section (A)(1) provides jurisdiction over former officers and directors of a non-Ohio corporation that carried on business on a regular basis with and attempted to obtain settlement and defense funds from an Ohio insurance company. *Genesis*, 425 F.Supp.2d at 895. Section (A)(1) provides jurisdiction over a non resident who solicited business in Ohio and shipped goods to Ohio. *U.S. Sprint Communications Company Limited Partnership v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1052 (Ohio 1994).

Section (A)(1) provides jurisdiction over out-of-state general partners, various general and limited partnerships and a CPA firm where the general partners regularly solicited Ohio residents to invest in limited partnerships, received funds from Ohio investors, regularly disseminated financial information to Ohio investors and conducted routine business in Ohio. *Goldstein*, 638 N.E.2d at 544-45. Section (A)(1) provides jurisdiction over a commercial nonresident lessee where the lessee negotiated and, through the course of dealing, became obligated to make payments to its lessor in Ohio. *Kentucy Oaks Mall*, 559 N.E.2d at 480. Section (A)(1) provides jurisdiction over a foreign tobacco company whose American distributor provided an established distribution channel that included tobacco sales in Ohio. *State of Ohio ex rel. Attorney General v. Grand Tobacco*, No. 05AP-213, 2007 WL 275717 at *4-5 (Ohio Ct. App. Feb. 1, 2007). Section (A)(1) provides jurisdiction where a vehicle being sold to an Ohio resident was located in the non resident's state and the vehicle was picked up in the non resident's state but the negotiations and dealings were primarily in Ohio and the non resident defendant regularly conducted business in Ohio. *Muzzin v. Brooks*, 859 N.E.2d 584, 588 (Ohio Ct. App. 2006). Section (A)(1) provides jurisdiction where a non resident client of an Ohio insurance consultant initiated the contact with the Ohio consultant and paid the Ohio consultant at the Ohio consultant's office. *Ricker v. Fraza/Forklifts of Detroit*, 828 N.E.2d 205, 209-210 (Ohio Ct. App. 2005). Finally, section (A)(1) provides jurisdiction over a non resident where the non resident initiated business dealings in Ohio, communications took place between the Ohio resident and the non resident sent payments to the Ohio resident's office. *Ricker v. Bobcat of Orlando, Inc.*, No. 04AP-481, 2004 WL 2591244 at * 3 (Ohio Ct. App. Nov. 16, 2004).

Courts have also found that personal jurisdiction pursuant to section (A)(1) does not exist

in a variety of circumstances. For example, section (A)(1) does not provide jurisdiction where the non resident sold three products to an Ohio resident who solicited the sales, and the non resident did not solicit business in Ohio and did not own property in Ohio. *Buflod v. Von Wilhendorf*, LLC, No. CA2006-02-022, 2007 WL 210790 at * 3 (Ohio Ct. App. Jan. 29, 2007). Also, section (A)(1) does not provide jurisdiction where an off-shore defendant completed auditing services for off-shore affiliates of an Ohio insurance company, directed no correspondence to Ohio, had no contractual relations with persons in Ohio and had no operations in Ohio. *Benjamin v. KPMG Barbados*, No. 03AP-1276, 2005 WL 995589 at * 11 (Ohio Ct. App. Apr. 28, 2005).

In general, some or all of several factors were present when section (a)(1) conferred jurisdiction. Among them are a distribution channel with sales in Ohio, a non resident who actively seeks sales in Ohio, goods shipped to Ohio, negotiations and dealings that took place primarily in Ohio and payment to an Ohio resident's address for services rendered. Factors present when personal jurisdiction, pursuant to section (A)(1), was not conferred include isolated transactions where the non resident did not regularly conduct business in Ohio, and where a non resident had no contractual relations with Ohio residents.

In this case, the Defendants allegedly had a contractual relationship with the Signoms to replace the hot water boiler but the contractual relationship was initiated by the Signoms. Further, while the Defendants provide services in New York to Ohio residences, they do not market or provide services into Ohio nor do they have channels for distribution of their services in Ohio. Finally, the Defendants have not paid Ohio residents at the Ohio residents' addresses. Therefore, section (A)(1) of Ohio's long-arm statute does not confer jurisdiction on the

Defendants, who are New York residents, for transacting business in Ohio, particularly when the Ohio residents request the services and the services are provided to property Ohio residents own in New York.

      **B.     Ohio Rev. Code § 2307.382(A)(6)**

Section (A)(6) provides for jurisdiction over a person for causing tortious injury in Ohio to any individual by an act outside of Ohio committed with the purpose of injuring individuals when the person might reasonably have expected that some individual would be injured thereby in Ohio. Those cases that discuss personal jurisdiction under section (A)(6) hold that the claim in question must be related to property located in Ohio. *Kvinta v. Kvinta*, No. 99AP-508, 2000 WL 197461 at * 7 (Ohio Ct. App. Feb. 22, 2000), *appeal not allowed*, 729 N.E.2d 1197 (Ohio 2000).

Courts have found the existence of personal jurisdiction under section (A)(6) in a variety of circumstances. For example, section (A)(6) provides jurisdiction over a prospective lender who allegedly made fraudulent communications regarding a contract to provide financing to an Ohio resident for an Ohio project. *Ashton Park Apartments, LTD v. Lebor*, 252 F.Supp.2d 539, 547 (N.D.Ohio 2003). Section (A)(6) provides jurisdiction over non resident where the theft and conversion of a catalogue and customer list occurred upon the non resident's departure from Ohio and the contract at issue was executed in Ohio. *Innovative Digital Equipment, Inc. v. Quantum Technology, Inc.*, 597 F.Supp. 983, 987 (N.D.Ohio 1984). Section (A)(6) provides jurisdiction over a non resident where tortious injury occurred in Ohio when non resident wrongfully converted funds of Ohio resident, manipulated and controlled accounts of Ohio resident and provided limited funds for Ohio resident's personal use while living in Ohio. *Toma v. Toma*, No. 82118, 2003 WL 21957022 at * 3 (Ohio Ct. App. Aug. 14, 2003), *appeal not*

*allowed*, 800 N.E.2d 48 (Ohio 2003). Finally, section (A)(6) provides personal jurisdiction where a non resident allegedly committed conversion, fraud and civil conspiracy outside of Ohio knowing that the stock involved was of an Ohio corporation. *Herbruck v. LaJolla Capital*, No. 19586, 2000 WL 1420282 at * 3 (Ohio Ct. App. Sept. 27, 2000).

Courts have also found that personal jurisdiction, pursuant to section (A)(6), does not exist in a variety of circumstances. For example, section (A)(6) does not confer jurisdiction over an out-of-state defendant for an alleged defamatory statement made out of state without showing more than minimum contacts in Ohio. *Reynolds v. International Amateur Athletic Federation*, 23 F.3d 1110, 1119 (6th Cir. 1994) (a tort action can be brought in the location where the injury is suffered), *cert. denied*, 513 U.S. 962 (1994). Section (A)(6) does not provide jurisdiction where an alleged tortious injury that occurred in Ohio was ancillary to the main issue - a determination of whether non resident had duty to support a child. *State ex rel. Stone v. Court of Common Pleas of Cuyahoga County, Juvenile Division*, 470 N.E.2d 899, 901 (Ohio 1984). Finally, section (A)(6) does not provide jurisdiction where the injury occurred in another state. *VanCamp v. VanCamp*, Nos. CA2001-03-058, CA2001-03-059, CA2001-03-060, 2002 WL 4472 at * 4-5 (Ohio Ct. App. Dec. 31, 2001).

In all of the examples, section (A)(6) conferred personal jurisdiction when the claim in question was related to property located in Ohio or the tortious injury was suffered in Ohio. In contrast, section (A)(6) did not confer jurisdiction when the claim in question was related to property not located in Ohio or the injury was not suffered in Ohio.

In this case, the injury from which the Signoms' claims arise is damage to their Amagansett home. Therefore, the damaged property is not located in Ohio and the injury to that

property did not occur in Ohio. Section (A)(6) of Ohio's long-arm statute does not confer personal jurisdiction over the Signoms' claims regarding damage to their property in New York.

C.     **Conclusions Regarding Ohio's Long-Arm Statute**

The Signoms first argue that this Court has general personal jurisdiction over the Defendants. However, this court must apply the law of Ohio, the forum state, and Ohio does not recognize general jurisdiction.

The Signoms then argue that this Court has specific personal jurisdiction over the Defendants. In support of this argument, the Signoms first discuss applications of the due process analysis. However, the reviewing court does not engage in a due process analysis unless and until personal jurisdiction is conferred under Ohio's long-arm statute.

The Signoms then attempt to import Tennessee law which they say is the same as Ohio law and extends personal jurisdiction to any person causing intentional tortious injury to any person in Tennessee by an act outside the state. However, as set forth above, this is not the law in Ohio.

The Signoms then cite *Ashton Park* for the proposition that specific personal jurisdiction exists where a plaintiff sued a non resident shareholder of a dissolved corporation and the shareholder allegedly used interstate communication facilities to make fraudulent representations directed to a prospective buyer in Ohio. However, in *Ashton Park*, the property that was the subject of the claims was located in Ohio and in this case, the property that is the subject of Signoms' Complaint is in New York.

Finally, the Signoms cite *Cole* for the proposition that, if a non resident defendant negotiates and executes a contract via telephone calls and letters to an Ohio resident, the

defendant has purposefully availed himself of the forum by creating a continuing obligation in Ohio. First, this is a due process argument and not an argument pursuant to Ohio's long-arm statute. In fact, the *Cole* court was assessing "purposeful availment" and was not specifically addressing Ohio's long-arm statute.

Further, the surety contract in *Cole* was fundamentally different from the alleged contract that Lola Signom entered into with Schenck Fuels. The surety contract in *Cole* was the result of a failed business transaction followed by an agreement to purchase the shares of a corporation in exchange for the resignation of the position as an officer of the corporation. As part of the surety agreement, the indebtedness of the officer and the stock was transferred to the defendant as entered into with an Ohio resident.

Here, there is a single proposal, initiated by the Signoms, for the replacement of a hot water boiler in New York. Unlike in *Cole*, the proposal and subsequent alleged contract here was not an extensive business transaction in Ohio nor was it a contract for services in Ohio. Finally, the injury in this case occurred in New York.

In sum, neither section (A)(1) or section (A)(6) of Ohio's long-arm statute confers jurisdiction on the Defendants, who are New York residents, for transacting business in Ohio, particularly when the Ohio residents request the services and the services are provided to property Ohio residents own in New York.

The Defendants are not subject to personal jurisdiction for alleged damage to the Signoms' vacation home in Amagansett, New York, pursuant to Ohio's long-arm statute. Since the Defendants are not subject to personal jurisdiction pursuant to Ohio's long-arm statute, a due process analysis is not warranted.

**V.     SUMMARY**

The Signoms have not met their burden of showing a prima facie case for personal jurisdiction over the Defendants. Therefore, the Defendants' Motion To Dismiss (doc. # 5) is GRANTED. Further, this Court does not have jurisdiction to adjudicate the Defendants' Motion To Change Venue (doc. #12  ). It is, therefore, OVERRULED. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirteenth day of June, 2007.

>                          **s/Thomas M. Rose**
>                          _____
>                                     THOMAS M. ROSE
>                          UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record